E. HERSCHELL (CLAIMANT) ET AL. V. L. & H. BLUM.

(No. 4907.)

SEPARATE PROPERTY.— Wife cannot borrow money to go into business and hold it exempt.

APPEAL from Johnson county. Opinion by DELANEY, J.

STATEMENT.— This was a trial of the right of property in certain goods. On April 26, 1880, appellees recovered a judgment in the county court of Galveston county against L. Herschell (husband of appellant E. Herschell) for $688.31, with interest at twelve per cent. per annum from May 21, 1877, besides costs, $14.25. An execution upon this judgment was levied by the sheriff of Johnson county upon certain property in Bismark Saloon, as the property of L. Herschell, which was valued by the sheriff at $632. On April 30, 1880, appellant E. Herschell, as claimant, joined by her husband, L. Herschell, filed her affidavit and claim bond with the sheriff. The cause was tried April, 1882; verdict for plaintiffs for all property except bar fixtures, amounting to $129.50. Judgment was rendered against Mrs. Herschell and her husband and the sureties for remaining value of property, together with interest and ten per cent. damages, amounting in all to $637.67. Motion for new trial made and overruled. It appears that L. Herschell (defendant in execution) had, prior to 1878, been selling

dry goods, and had failed, was in debt and insolvent. In 1878 Mrs. Herschell obtained from three of her relatives some $600, which she invested in the Bismark Saloon and the fixtures and outfit; business conducted in her name and license so obtained. Husband acted as one of her bar-keepers. The family was supported and rents paid out of the business. Mrs. Herschell claimed the property as her separate property, not subject for her husband's debts. Claimant insists that when she borrowed money to go into business it became her separate property.

OPINION.— If she had received the money by gift, devise or descent, it would have been her separate property with-out doubt, and she might have invested it in business with-out losing any exemption. But to borrow money for the purpose of engaging in business is quite a different matter. If the husband should borrow money for such a purpose it would certainly become community property. Upon what principle can the wife borrow money and make it her sepa-rate property? Rev. Stats., art. 2852. We conclude the money was community property, and the property pur-chased with it liable to execution for the debts of the hus-band.

AFFIRMED.